**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| ROY TRIPLETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-CV-00912-W-DW |
| | ) | |
| OFFICE OF UNITED STATES DEPARTMENT OF STATE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Before the Court is the pro se Plaintiff Roy Triplett's (the "Plaintiff") Civil Complaint. See Doc. 1. The Complaint names numerous Defendants, including former President William Jefferson Clinton, former Vice President Albert Gore, Jr., and current Speaker of the House of Representatives John Boehner. It is not clear what causes of action the Plaintiff is asserting, or the factual and legal basis for any such claim. The Plaintiff appears to allege that "a detriment of penalty mail has misinformed him of his political rights on the power of appointment . . . ." Among other things, a brief attached to the Complaint also claims that the Defendants were involved in the "expulsions of former Congressman Jesse Jackson, Jr. (convicted), were engaged in an illegal penalty mailing for the acceptance of campaign funds to re-elections . . . ." The Plaintiff appears to request "$55 billion dollars per hour for 28 weeks in compensatory awards and $204 trillion dollars per day for 204 weeks of punitive damages."

The Plaintiff's allegations are unclear, unintelligible, and fail to adequately state any claim upon which relief may be granted. Although the Plaintiff is proceeding pro se, that does not excuse him from adequately stating a claim or from complying with all applicable Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(b)(6); Burgs v. Sissel, 745 F.2d 526, 528 (8th

Cir. 1984) (stating that "pro se litigants are not excused from failing to comply with substantive and procedural law").

At this time, however, this case will not be dismissed and the Plaintiff will be provided an opportunity to amend his complaint. The amended complaint must contain (1) "a short and plain statement of the grounds for the court's jurisdiction;" (2) "a short and plain statement of the claim showing that the pleader is entitled to relief;" and (3) "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(1)-(3). Under United States Supreme Court precedent, the amended complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotations omitted).

For the foregoing reasons, it is hereby ORDERED that:

(1) the Plaintiff shall file an amended complaint within twenty-one (21) days from the date of this Order. If the Plaintiff fails to timely file an amended complaint, or if the Court finds that it does not adequately state a claim or is otherwise deficient, this case will be dismissed; and

(2) the Plaintiff's pending motions (Docs. 3, 5, 7, 11) are DENIED WITHOUT PREJUDICE. The Plaintiff may refile these motions if he adequately states a claim; and

(3) the Clerk of Court is directed to mail a copy of this Order to the Plaintiff via certified mail, return receipt requested, at his last known address.

IT IS SO ORDERED.

Date: October 16, 2013

/s/ Dean Whipple
Dean Whipple
United States District Judge