# IN THE WESTERN DISTRICT OF MISSOURI
## FOR THE DISTRICT COURT

**Plaintiff,**
**Roy Triplett, PC** )

**Vs.** **Case No.: 13-912-CV-W-DW**

**Defendant,**
**Office of U.S. Department**
**of State, Secretary John Kerry,**
**and et al** )

)

)

)

)

)

## FACTS:

The Plaintiff may allege that the Named Defendants most related to the expulsions of former Congressman Jesse Jackson, Jr. (convicted), were engaged in an illegal penalty mailing for the acceptance of campaign funds to re-elections, such as the condition would misinform upon a committed mailing source of pertinent terms to members of the Executive Branch under a duty unto Title 39 U.S. Section 3205, Accounting for penalty covers, Title 39 U.S.C. Section 3208, Shipment by most economical means, Title 39 U.S.C. Section 3209, Executive departments to supply information, and Title 39 U.S.C. Section 3210, Franked mail transmitted by Vice President, Members of Congress and Congressional officials. The Plaintiff may allege that an illegal scheme, to overextend the common practice of Legislators unto a franking privilege, was the concerted effort of former Representative, Jesse Jackson, Jr. for over 26 years of Congressional tenure, and the current House of Representative, Maxine Waters, D-California was most associated with the basis for purposefully qualifying a penalty mailing unto all constructed information that did pertain to the Plaintiff's right to be informed of an appointment status with Commissions of U.S. Government, such as this would be an unlawful activity unto the statutory provisions of Title 39 U.S.C. Section 3202, subsection (c), Title 39 U.S.C. Section 3207, subsection (b)(2), Limit of Weight of Penalty Mail; postage on overweight matter, Title 39 U.S.C. Section 3208, Shipment by most economical means, Title 39 U.S.C. Section 3209, Executive departments to supply information, Title 39 U.S.C. Section 3210, Franked mail transmitted by the Vice President, Members of Congress, and Congressional officials, Title 39 U.S.C. Section 3211, Public Documents, Title 39 U.S.C. Section 3216, Reimbursements of franked mailings, Title 39 U.S.C. Section 2005, Reimbursement of Postal Service Fund, and Title 39 U.S.C. Section 3001, Nonmailable matters. Henceforth, the Plaintiff may assert that the now convicted former House of Representative was most pronounced to aiding and assisting other members of the U.S. Congress in a conduct of undue circumvention of a certain method of not removing penalty mail covers from envelopes of an official mail in public documents for the address unto Plaintiff, Mr. Roy Triplett, PC, that are to explain that he is eligible to all career appointment tenures under Title 2 U.S.C. Section 1202, Appointed Officials of U.S. Government, and the apparent doctrines of constitutional definition of the "Appointment Clauses" of Article II, Section 6, Cl. 7 of the U.S. Constitution. Therefore, the Plaintiff may allege that members of the Congressional representation, from the State of Missouri, are to be assigned a responsibility for assisting the objectives of correspondence obstruction, by taking allegiances in all illegal terms of a franking privilege to assign a penalty mail. Hereinafter, the Plaintiff may contend for a deprivation of privacy, in all committed mailing sources that did pertain unto affairs of public service, were dealt a mail obstruction through the handling of a penalty mail by all Named Defendants, and the most notable reference unto former Congressman Allen Wheat, 5th District, D-Missouri. The Plaintiff may also allege

**that a mail obstruction so does pertain unto appointment letters that were illegally re-routed unto the premises of Center Consolidated School District No. 58, on the dates of September 7, 1987, April 19, 1988, June 7, 1988, March 7, 1989, March 11, 1989, August 8, 1989, October 4, 1989, October 16, 1989, January 5, 1990 and the other Named Defendants are identified for the alleged scheme of an illegal use of penalty mails, since the apparent time of an official decree was sent forth from the Joint Resolution of Bi-Cameral votes of the Standing Armed Forces Committees. The Plaintiff may allege that the confiscation of the official letters, from the premises of Center Senior High School, and the archive of counselor files of Mr. Gene Propp would be necessary to account for a committed source of liability that is most certain unto this case of penalty mail and obstructions of correspondences. Furthermore, the Plaintiff may assert that all confiscable records of former Congressman, Jesse Jackson, Jr. are to be permissible unto an evaluation of scrutiny, for the apparent scope of liability under the examination of Title 39 U.S.C. Section 3210, Franked mail transmitted by the Vice President, Members of Congress, and Congressional officials, and the scope of liability that is now represented with uncovering any financial ties unto other Named Defendants, such as the concerns for bribery and conspiracy are most related to the surrounding events of investigating the Congressional Records of former members of the House of Representatives and the Senate.**

**AMENDED PLEAD:**

On this date of October 21, 2013, the Plaintiff may address to the Western District of Missouri, U.S. District Court, for the motions of an amended pleadings under a duty to Federal Rules of Civil Procedure, Rule 15(d), Supplemental Pleadings. Henceforth, the Plaintiff may address to the Western District of Missouri, for the directive to give notice of a reasonable time of a 20-day duration, in which the Plaintiff could procession to amend a certain determination of transactions or occurrences that are a supplement unto the terms of an original plead. Hereinafter, the Plaintiff may address to the Western District of Missouri, for the directive to introduce a supplemental pleadings on issues of amending this complaint to give notice unto a new parties of Defendants, such as the admission of Former Representative, John Lewis, D-Georgia, Senator Harry Reid, South Dakota, and Verdell Johnson Triplett, U.S. Secret Service are announced to all issues of this complaint. Henceforth, the Plaintiff may amend this complaint to officially request for an entrance of questions of civil and criminal liability, on the authorized statutory interpretation of Title 18 U.S.C. Section 201, Bribery of Public Officials and witnesse and Title 18 U.S.C. Section 1922, Falsely Withholding Treasury Checks from Government Officials. Therefore, the Plaintiff may address to the Western District of Missouri, for the notice of power of federal court jurisdiction, to exert a domain of

curative instruction over transactions of amending pleads, according unto the following presentation of Federal Rules of Civil Procedure, Rule 15(d): "(d) Supplemental Pleadings. On motion and reasonable notice, the court may, on just terms; permit a party to serve a supplemental pleading setting out any trransaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemetal pleading within a specified time." (Amended January 21, 1963, effective December 1, 1991; amended by Pub. L. 102-198, Section 11, December 9, 1991, 105 Stat. 1626; amended April 22, 1993; effective December 1, 1993; April 30, 2007, effective December 1, 2007.)

The Plaintiff may address to the Western District of Missouri, U.S. District Court, for an amendment of a processional ruling, on a durational time limit, and the basis of demands in all permissible terms of attenuating a formal procedure of a compelling writ under the following presentation of Federal Rules of Civil Procedure, Rule 4(m), Time Limit for Service: "If a defendant is not served within 120 days after the complaint is filed, the court on motion or-on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)." (Amended by Pub. L. 97-462, Section 2, January 12, 1983, 96 Stat. 2527, effective 45 days after January 12, 1983; amended March 2, 1987, effective August 1, 1987; April 30, 2007, effective December 1, 2007).

The Plaintiff may address to the Named Defendants of Triplett, PC v. Secretary of State, Honorable John Kerry, for the appropriate standard of applying notices of federal jurisdiction unto constructed terms of Local Civil Rules, 3.1, Civil Divisional Venue of the Western District of Missouri, U.S. District Court. Henceforth, the Plaintiff may address a compelling sequence of informing all Named Defendants unto the power of jurisdictional limits that are extended unto this complaint, by the promulgated terms of Federal Rules of Civil Procedure, Rule 4(i)(1)(A)(1), To serve United States as Party, Rule 4(k)(2), the Federal Long-Arm Statute, Rule 4(n), Asserting Jurisdiction Over Property or Assets, and Rule (m)(1), Time Limits, and the directives of Local Rules, 3.1, Civil Divisional Venue. Hereinafter, the Plaintiff may address to the Named Defendants for an entrance of the formal instruction of federal district court jurisdiction under the following presentation of Local Rules, 3.1, Civil Divisional Venue: (a) Division within the Western District of Missouri. The United States District Court for the Western District of Missouri comprise the following divisions: 1. To Be Heard in Federal Court in Kansas City, Missouri: (a) Western Division: The Western Division comprises the counties of Clay, Ray, Carroll, Saline, Lafayette, Jackson, Cass, Johnson, Henry, Bates, and St. Clair. (b) Divisional Venue. 1. Single defendant. All actions brought against a single defendant who is a resident of this district must be brought in a division where the defendant resides, or where the claim for relief arose.(c ) Location of Proceedings. In all cases, the Court retains discretion to fix the location where any courtroom proceedings shall be held. (d) Other Venue Statutes. This Local Rule shall be construed consistently with the text and definitions contained in 28 U.S.C. Section 1391(c ), (d), (e), and (f), 1392, 1446(a), 1406(a) and (b)."

The Plaintiff may address to the Named Defendants for an authorization to define a notice of power in federal jurisdiction of the Western District of Missouri, such as the commands of Federal Rules of Civil Procedure, Rule 4(n), Asserting Jurisdiction Over Property or Assets should designate the appropriate domain of federal and state law. Henceforth, the Plaintiff has brought a demand for a formal lawsuit, to order of a notice of service of process against all defendants, and the arrangement of exerted testimony for a controlling standard of forfeiture, in all designation of property rights that are duly encumbered by a manifest of this promulgated ruling on the question of a "Federal Long-Arm Statute". Hereinafter, the Plaintiff may advise to each of the Named Defendants that a controlling principle of notice to lawsuit is now a question of amounts of controversy, to be settled upon a hearing of subject matter jurisdiction, and the following presentation of procedural rulings of Rule 4(n), Asserting Jurisdiction Over Property or Assets, such as the asserted claims of seizure are most related unto substantive laws: "(1). Federal Law. The court may assert jurisdiction over property if authorized by a federal statute. Notice to claimants of the property must be given as provided in the statute or by serving a summons under this rule.( 2). State Law. On a showing that personal jurisdiction over a defendant cannot be obtained in the district where the action is brought by reasonable efforts to serve a summons under this, the court may assert jurisdiction over the defendant's assets found in the district. Jurisdiction is acquired by seizing the assets under circumstances and in the manner provided by state law in that district. (As amended Jan. 21, 1963, eff. Aug. 1, 1980; Pub. L. 97-462, Section 2, Jan. 12, 1983, 96 Stat. 2527, eff. Feb. 26, 1983; eff. Dec. 1, 2007).

The Plaintiff may address to the Named Defendants for an announcement of a

stipulation of Rule 4(h), Serving a Corporation, Partnership, or Association, so does reside over the officer of Patrick R. Donahoe, Postmaster General and Executive Officer. Henceforth, the Plaintiff may address to defendant, Postmaster General, for a residing terms of notice, in all claims of relief, to appropriately propose a consenting factor of a domain of waiver for a service of process should now represented. Hereinafter, the Plaintiff may officially propose a notice of service of process is complete upon a directive of Federal Rules of Civil Procedure, Rule 4(h), Serving A Corporation, Partnership, or Association, such as the following presentation of designating restrictions of federal law are now stipulated: "Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name must be served: 1). in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving a\an individual; or a managing a general agent, or any other agent authorized by appointment or by law to receive service of process and-if the agent is one authorized by statute and the statute so requires-by also mailing a copy of each to the defendant; or (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(cc)(l)."(As amended Jan. 21, 1963, eff. Aug. 1, 1980; Pub. L. 97-467, Section 2, Jan. 12, 1983, 96 Stat. 2527, eff. Feb. 26, 1983; eff. Dec. 1, 2007).

The Plaintiff may address to the Western District of Missouri, U.S. District Court, for an announcement a complaint against the Office of the Secretary of State, Honorable John Kerry, and Named Defendants, due to a career of 30 years of service in the U.S. Senate Foreign Relations Committee and Armed Forces Committee. Henceforth, the

Plaintiff may address to the Named Defendants an official plead of promulgated terms that are now to give rise under a federal question, to be rendered unto a jurisdictional power of federal district courts, such as the domain of the following presentation of federal statutes shall preside over this lawsuit: Title 28 U.S.C. Section 1331, Federal Question; Title 28 U.S.C. Section 1343, Elected Franchise and Civil Rights; Title 28 U.S.C. Section 1346,subsection (b)(1), F.T.C.A.(Federal Torts Claim Act); Title 28 U.S.C. Section 1399, Postal Matters; Title 28 U.S.C. Section 2412, Cost and Fees; Title 28 U.S.C. Section 2462 (Act of Feb. 28, 1839, Ch. 36, Section 4, 5 Stat. 322); Title 39 U.S.C. Section 405, Specific Powers; Title 39 U.S.C. Section 409, Suits by and against the U.S. Postal Service, subsection (h)(1), damages; Title 39 U.S.C. Section 410, Application to other laws; Postal Accountability and Enhancement Act (Pub. L. No. 109-435, 120 Stat. 3228, (2006); Title 5 U.S.C. Section 552(a)(4)(B)(ii), Civil Remedies for Privacy Act of 1974; Title 2 U.S.C. Section 1202, Appointed Official of U.S. Government; Title 26 U.S.C. Section 3121,(a)(D)(5)(iii), Wages of Appointed Government Officials; Title 18 U.S.C. Section 1028A, Aggravated Identity Theft; Identity Theft and Assumption Deterrence Act, Chapter 47 of Title 18 U.S.C.; Title 18 U.S.C. Section 1701,Obstruction of Mail, Generally; Title 18 U.S.C. Section 1702, Obstruction of Correspondences; Title 12 U.S.C. Section 1957, Additional Criminal Penalty in Certain Cases; Title 18 U.S.C. Section 2334, subsection (f), Civil Liability; Title 42 U.S.C. Section 1981(a), F.E.L.A.(Federal Employee Liability Act); Title 31 U.S.C. Section 11230, Accountability; Title 39 U.S.C. Section 604, Seizing and detaining letters; Title 39 U.S.C. Section 1005, ;Applicability of laws relating to Federal Employees; Title 39 U.S.C. Section 1209, Applicability of Federal labor laws; Title 39

U.S.C. Section 2003, The Postal Service Fund; Title 39 U.S.C. Section 2005, Obligations; Title 39 U.S.C. Section 2011, Provisions relating to competitive products, subsection (d); Title 39 U.S.C. Section 2601, Collection and adjustments of debts; Title 39 U.S.C. Section 2603, Settlement of claims for damages by the Postal Service; Title 39 U.S.C. Section 2605, Suits o recover wrongful or fraudulent payments; Title 39 U.S.C. Section 3001, Non-Mailable Matters; Title 39 U.S.C. Section 3004, Delivery of mail to persons not residents of the place of address; Title 39 U.S.C. Section 3007, Detention of mail for temporary periods; 27 Op.Atty. Gen. 49, 1908, Right to use Mails; Title 39 U.S.C. Section 3012, Civil Liability; Title 39 U.S.C. Section 3202, Penalty Mail,(a)(1)(A),(b), (c); Title 39 U.S.C. Section 3204, Restrictions on use of penalty mail; Title 39 U.S.C. Section 3205, Accounting for penalty covers; Title 39 U.S.C. Section Reimbursement for penalty mail service; Title 39 U.S.C. Section 3207,subsection (b)(2), Limit of weight of penalty mail; postage on overweight matter; Title 39 U.S.C. Section 3208, Shipment by most economical means, Title 39 U.S.C. Section 3209, Executive departments to supply information; Title 39 U.S.C. Section 3210, Franked mail transmitted by the Vice President, Members of Congress, and Congressional officials; Title 39 U.S.C. Section 3211, Public Records; Title 39 U.S.C. Section 3212, Congressional Record under franks of Members of Congress; Title 39 U.S.C. Section 3216, Reimbursements of franked mailings; Title 39 U.S.C. Section 3401, Mailing privileges of members of Armed Forces of the United States and of friendly foreign nations; Title 42 U.S.C. Section 1983, Election of Civil Rights Lawsuit; Deceit and Fraud Statute, D.C. Code Section 22-3821 (1996); Title 18 U.S.C. Section 1341, Swindle; Title 18 U.S.C. Section 1346, Mail Fraud; Title 18 U.S.C. Section 1030, Fraud and related

activity in connection with computers; Title 18 U.S.C. Section 1922, Falsely Withheld Treasury Checks from Government Officials; Title 18 U.S.C. Section 3663, Crime Victim's Restitution Act; Title 18 U.S.C. Section 201, Bribery of Public Officials and witnesses; Title 18 U.S.C. Section 1962(a), Civil RICO; Title 18 U.S.C. Section 371, Conspiracy to commit offense or to defraud United States; Title 28 U.S.C. Section 2201, Declaratory Judgment Act, and injunction unto use of penalty mail on Congressional Records under Title 39 U.S.C. Section 3202, subsection (a)(1)(A), (a)(1)(E), (a)(3), subsection (b), and subsection (c ), and Title 39 U.S.C. Section 3007(a), Preliminary Injunction; right to a Jury trial under the stipulations of Federal Rules of Civil Procedure, Rule 39(b)(1), When Demand Is Made; and Local Rule 38.1, Demand for Jury Trial.

The Plaintiff may address to the Named Defendants for a formal instruction to Federal Rules of Civil Procedure, Rule 4(l), Proving Service. Henceforth, the Plaintiff may address to the Western District of Missouri, all apparent terms of legal titles and addresses of Named Defendants, so that the appropriate conditions of validating a summons shall be purposed for the occasion of manifesting receipts of signage from all known addressees. Hereinafter, the Plaintiff may advise to a fulfilled guidance of a proof of service of process that all of the following names, legal titles, and addresses of the announced defendants are proscribed as such: "Office of U.S. Department of State, Secretary John Kerry, 2201 C. Street NW, Washington, DC 20520; Postmaster General and Chief Executive Officer, Patrick R. Donahoe, Old Post Office Pavilion, 1100 Pennsylvania Avenue, NW, Washington, DC 20004; Wilma Jamilla Jaeneas, Hub Operations Manager; Administration Offices, 300 W. Pershing Road, Suite 251, Kansas City, MO 64106; Speaker of the House of Representatives, Honorable John A. Boehner,

R-Ohio; Former Representative John Lewis, 343 Canon House Office Building, Washington, DC, 20515; Senator Harry Reid, South Dakota, Rooom 308 Dirksen Building, U.S. Senate, Washington, DC 20520; Former U.S. Senator, Thomas Daschle, Washington; Former 43rd Vice-President, William R. Cheney; Former 42nd President William Jefferson Clinton, 1200 President Clinton Avenue, Little Rock, AR 72201; Former U.S. Senator, Paul Simon, D-Maine; Former U.S. Senator, Edward M. Kennedy; D-Massachusetts (deceased); Professor Alan Dershowitz, Harvard Law School, 1563 Massachusetts Avenue, Cambridge, MA 02138; Former 42nd Vice-President, Albert Gore, Jr.; Former U.S. Senator, John D. Ashcroft, R-Missouri; Former U.S. Senator, Kit Bond, R-Missouri; U.S. Senator, James F. LuBin, D-Georgia; Former Congressman, Kwisi Mfume, D-Maryland; Former Congressman Ike Skelton, 4th District, (D)(I), Columbia, MO 65102; Former Congressman, Jesse Jackson, Jr., D-Illinois,(convicted) Corrections Department , 1301 Concordia Court, Springfield, IL; Former Congressman Allen Wheat, 5th District, K.C.MO, D-Missouri; Congresswoman Maxine Waters, D-California, 43rd District, 10124 Broadway #1, Los Angeles, CA, 90003; Keith Powell, Keith Powell Insurance Company, Inc.; 21 W. Linwood Blvd., Kansas City, MO 64111-1324; Former Secretary of U.S. Treasury, Timothy Geithner, 1500 Pennsylvania Avenue, NW, Washington, DC 20220; Verdell Johnson Triplett, Department of Treasury/U.S. Secret Service, 1500 Pennsylvania Avenue, NW, Washington, DC; Commissioner of I.R.S. (Internal Revenue Service), Daniel I. Werfel, 1111 Constitution Avenue N.W., Washington, DC 20004; Deloitte & Toche, Inc., 101 Grand Blvd., Kansas City, MO, 64106; The Wynche Financial Asset Management Company, Inc, 1634 I-Street, NW, Suite 809; Washington, DC 20018-1310; Freedom of Information Officer, Dawn S.

Wiggins, Social Security Administration, 617 Altmeyer Building, 6401 Security Boulevard, Baltimore, MD 21235; Black Entertainment Television, Inc., 1235 W. Street, NE, Washington, DC; 20018-1211; Burlington North Santa Fe Railway Headquarters, 2650 Lou Menk Drive, Fort Worth, TX 76131; Former Superintendent of Center Consolidated School District, No.58, 8701 Holmes Rd, KC.MO 64131; Former Counselor Gene Propp, Center Senior High School, Former Counselor Gerald W. Culver, Center Senior High School; The Wynche Law Firm, Inc., 9092 S.W. Washington Avenue, Washington, DC 20510; Ms. Jacqueline Janeanine Wilson, 101125 Delmar Boulevard, St. Louis, MO 63102; John C. Cushman, III, Chief Executive Officer/Corporate Occupier & Investor Services, Cushman & Wakefield, Inc, 1290 Avenue of the Americas, New York, NY 10104-6178; James William Rinklehaus, 2901 N.W. Pennsylvania Avenue, Philadelphia, PA; Mr. Gary and Anita Robb, 5500 Ward Parkway, Kansas City, MO 64121(Convicted Folsom State Prison, 300 Prison Rd., Repress, CA 95671), and Anita Robb (Convicted Jefferson City Correctional Center, 8200 No More Victims Road, Jefferson City, MO 65101)."

The Plaintiff may address to the Named Defendants for a notice of proscribed terms to initialize a proof of service with a good cause shown for all addresses and signatures. Henceforth, the Plaintiff may assign a directive unto a committed instruction of Federal Rules of Civil Procedure, Rule 4(d)(2), Failure to Waive, so that a disclosure of a period of waiver is appropriately recognized within a frame of time to be given for a procedural due process. Hereinafter, the Plaintiff may now confirm that a designated terms of proof of service are completed with an entry of the following presentation of Federal Rules of Civil Procedure, Rule 4(d)(2), Failure to Waive: "If a defendant located

within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses. (3) Time to Answer After a Waiver. A defendant who before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent- or until 90 days after it was sent to the defendant outside any judicial district of the United States. (4). Results of Filing a Waiver. When the Plaintiff files a waiver, proof of service is not required, and these rules apply as if a summons and complaint had been served at the time of filing the waiver. (5) Jurisdiction and Venue Not Waived/ Waiving service of a summons does not waive any objection to personal jurisdiction or to venue." (As amended Jan. 21, 1963, eff. Aug. 1, 1980; Pub. L. 97-462, Section 2, Jan. 12, 1983, 96 Stat. 2527, eff. Feb. 26, 1983; eff. Dec. 1, 2007).

The Plaintiff may address to the Named Defendant for a classified entrance of all presumptive terms of answering a complaint of lawsuit. Henceforth, the Plaintiff has suggested that a closure of procedural rules under the Local Rules 7.0, Pleadings and Motions, are the assessable standard for the Western District of Missouri, U.S. District Court. Hereinafter, the Plaintiff may address to the Named Defendants for an adherence unto an administrative policy of filing motions with the Western District of Missouri, U.S. District, such as the controlling standards of Local Rules 7.0, Pleadings and Motions are to be declared in jurisdictional powers: "(a) Filing by Attorneys of a Civil Cover Sheet in Each Civil Case. Any attorney filing a pleading in a civil action asserting a claim for relief, or an amended pleading in a civil action asserting a new claim for relief, shall

complete and file a civil cover sheet with the district court Clerk in the form currently prescribed by the Court and available online and in the Office of the Clerk. (b) Motions. Unless oral argument is ordered by the Court, motions will be ruled upon the written motion, supporting suggestions, opposing suggestions and reply suggestions. ( c) Suggestions in Support of Motions. The moving party shall serve and file with the party's motion a brief written statement of the reasons in support of the motion. (d) Suggestion in Opposition. Within 14 days from the time the motion is filed, each party opposing the motion shall serve and file a brief written statement of the reasons in opposition to the motion. For time limits concerning summary judgment motions, see Rule 56.1. (e) Reply Suggestions. Within 14 days from the time the suggestions in opposition are filed, a reply brief may be filed for time limits concerning summary judgment motions, see Rule 56.1. (f) Length of Suggestions. Suggestions shall be concise. A party's primary authorities shall be no longer than 15 double-spaced typewritten pages, exclusive of facts presented in accordance with Rule 56.1, without permission of the Court. Reply suggestions shall be limited to 10 double-spaced pages, unless otherwise authorized by the Court. Suggestions exceeding 10 pages in length shall have a table of contents and table authorities. Margins must be at least one inch on all four sides. Page numbers may be placed in the margins, but no text may appear there. Either a proportionally spaced or a monospaced font may be used. A proportionally spaced font must be 12 point or larger. A monospaced font may not contain more than 10.5 characters per inch.

(g) Oral Arguments. A request for oral arguments shall be separately stated at the conclusion of the motion or written suggestions. (h) Discovery Motions. For additional requirements concerning discovery motions see Rule 37.1. (I) Summary Judgment

Motions. For additional requirements concerning Summary Judgment Motions see Rule 56.1."

The Plaintiff may address to the Western District of Missouri, U.S. District Court, for the authorizations of procedural requirements under Federal Rules of Civil Procedure, Rule 4(l), Proving Service, to define a completion of an official summons. Henceforth, the Plaintiff may address to the Named Defendants for a directive of a receipt of signage, to approve of a validity of a service of process, from the Western District of Missouri, U.S. District Court. Hereinafter, the Plaintiff may confirm all guidelines unto a proof of service that are now within the directive of Federal Rules of Civil Procedure, Rule 4(l), Proof of Service, such as the following presentation of the powers of federal district court jurisdiction are to be enforced: "(1) Affidavit Required. Unless service is waived, proof service must be proof of service must be proved as follows: (A) if made under Rule 4(f)(2) or (f)(3),by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee. (3) Validity of Service; Amending of Service; Amending Proof. Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended." (As amended Jan. 21, 1963, eff. Aug. 1, 1980; Pub. L. 97-462, Section 2, Jan. 12, 1983, 96 Stat. 2527, eff. Dec. 1, 2007).

The Plaintiff may address to the Named Defendants, for a notice of other forms of service of process are to completed with a formal instruction to Federal Rules of Civil Procedure, Rule 4(l), Proving Service. Henceforth, the Plaintiff may contend for a decisive element of notice unto all jurisdictional limits of federal district courts, in the assistance of all other procedural rules are to be attached to this service of process.

Hereinafter, the Plaintiff may fully state unto all Named Defendants that an accomplished state of waiver is now tendered unto a notice of lawsuit, inclusive of the following addendums unto a service of process that are to be stated under Rule 4.1 Serving Other Process: "(a) In General Process- other than a summons under Rule 4 or a subpoena under Rule 45-must be served by a United States Marshal or deputy Marshal or by a person specially appointed for that purpose. It may be served anywhere within the territorial limits of the state where the district court is located and, if authorized by a federal statute, beyond those limits. Proof of service must be made under Rule 4(l). (b) Enforcing Orders: Committing For Civil Contempt. Any order committing a person for civil contempt of a decree or injunction issued to enforce federal law may be served and enforced in any district. Any other order in a civil contempt proceeding may be served only in the state where the issuing court is located or elsewhere in the state where the issuing court is located or elsewhere in the United States within 100 miles from where the order was issued. (As added Apr. 22, 1993, eff. Dec. 1, 1993; amended Apr. 30, 2007, eff. Dec. 1, 2007).

The Plaintiff may address to the Name Defendants for an announcement of the amounts of controversy that are extended terms of damages in this case. Heretofore, the Plaintiff is officially seeking a claim of relief for a reward of compensatory damages in the amount of a lump-sum of 358 Gezzallion Dollars and $549 Trillion dollars/ per hour for over 12 years, from the accounts of Named Defendants. The economic recovery of damages from under stipulations of Title 39 U.S.C. Section 2003, The Postal Service Fund. Therefore, the Plaintiff may stipulate a punitative damages award of $908 Trillion dollars/per hour for 7 years.

Sincerely,

Roy Triplett, PC

Roy Triplett

3438 Elmwood Avenue

K.C.MO 64128

Office of U.S. Department of State

Honorable Secretary John Kerry,

2201 C. Street NW

Washington, DC 20520