IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI (KANSAS CITY)

| | | |
|---|---|---|
| ROY TRIPLETT,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICE OF U.S. DEPARTMENT OF STATE,<br>SECRETARY JOHN KERRY, *et al.*,<br><br>Defendants. | ) | Case No. 4:13-cv-00912-DW |

**DEFENDANT BNSF RAILWAY COMPANY'S**
**MOTION TO DISMISS AND SUGGESTIONS FOR FAILURE TO STATE A CLAIM**

Pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6), Defendant BNSF Railway Company ("BNSF"),[1] moves to dismiss this action because no cognizable legal claim for relief has been stated against BNSF.

This lawsuit continues Plaintiff Roy Triplett's documented history of filing frivolous and abusive lawsuits. In this, the latest such effort, Triplett has sued a wild range of disparate defendants, including former President Bill Clinton, Triplett's high school counselor, and the Black Entertainment Television network. From these defendants, Triplett seeks trillions of dollars "per hour for over 12 years," not including the "[g]ezzallion [d]ollars" he seeks as a lump sum or the trillions of dollars in punitives. [Doc #30 at pg. 17].

Even the most liberal reading of this Complaint fails to reveal a legal claim upon which relief can be granted against BNSF. Therefore, suit should be dismissed with prejudice.

[1] In the pleadings filed to date, Triplett has incorrectly served and/or identified BNSF Railway Company as either "Burlington Northern & Santa Fe Railway Company" or "Burlington North Santa Fe Railway."

## INTRODUCTION

Although approximately one-month has passed since Triplett commenced this *pro se* action on September 17, 2013, he has already filed numerous, incoherent pleadings totaling several hundred pages. Triplett's pleadings fail to provide BNSF with fact or notice of a cognizable legal claim against it. While Triplett seeks "a lump sum of 358 Gezzallion Dollars and $549 Trillion dollars/per hour for over 12 years, from the accounts of Named Defendants,"[2] he fails to plead the requisite facts to support notice and a basis for such a monetary award against the "Named Defendants," including BNSF. [Doc #30 at pg. 17].

This is not the first time Triplett appeared *pro se* to file a groundless suit in federal court. As established below, Triplett has filed similar suits in the federal court for the District of Kansas. These suits were dismissed pursuant to Rules 8(a)(2) and 12(b)(6), in part, because Triplett's pleadings were irrational. BNSF seeks the same result here. Therefore, Triplett's suit against BNSF should be dismissed.

## ARGUMENTS AND AUTHORITIES

### I. Legal Standard for Motion to dismiss

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the claims asserted in the complaint. *Eason v. Lincare, Inc.*, 2011 WL 1197635, at *1 (W.D. Mo. Mar. 29, 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010). "If it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must

[2] Plaintiff also seeks punitive damages "of $908 Trillion dollars/per hour for 7 years." [Doc #30 at pg. 17].

be dismissed…" *Satterlee v. U.S.*, 432 F. Supp. 2d 941, 947 (W.D. Mo. 2006) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). "A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)…" *See Gometz v. U.S.*, 334 Fed.Appx. 889, 891-92 (10 Cir. 2009) (citing *Kuehl v. F.D.I.C.,* 8 F.3d 905, 908 (1st Cir.1993)).

## II. Triplett Violates the pleading requirements of Rule 8(a)(2)

### A. <u>Triplett's Pleadings Are Indiscernible</u>

Triplett's incoherent cause of action must be dismissed because he fails to assert a valid claim upon which relief could be granted. *See* Fed. R. Civ. P. 8(a)(2); 12(b)(6). A pleading must present "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Where a complaint is disjointed, fragmented and incoherent, a district does not err in dismissing a complaint based on such grounds. *See Peck v. Merletti,* 64 F.Supp.2d 599, 602 (E.D.Va.1999) (dismissing a pro se complaint that contained "hundreds of pages" of "gibberish or nonsensical rambling"); *see also Fernandez v. Supreme Ct. of Ill.,* No. 02 C 3402, 2002 WL 1008468, at *1 (N.D.Ill. May 17, 2002) (dismissing for failure to state a claim for relief an 81-page complaint that was "unnecessarily lengthy, redundant, and confusing, making it difficult to determine which alleged wrongdoings, if any, constitute the claimed violations of federal and state law"); *Dudley Enters., Inc. v. Palmer Corp.,* 822 F.Supp. 496, 499-500 (N.D.Ill.1993) (dismissing a complaint under the Racketeer Influenced and Corrupt Organizations Act and state law that contained 111 allegations with extensive subparagraphs spread over 46 pages and was organized in a confusing, disjointed, and repetitive manner); *Gay v. Shannon,* No. CIV.A.02-4693, 2002 WL 31750212, at *2 (E.D.Pa. Dec. 6, 2002) (dismissing a

rambling pro se complaint of over 100 pages in length with instructions to file an amended complaint of no more than 25 pages).

It is not the role of a court or a defendant to read through a poorly drafted complaint to try and decipher a cause of action. *See Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371--72 (10th Cir. 1989) (concluding that the trial court did not err in refusing to "attempt to create order out of chaos"); *see also Triplett v. Triplett*, 2005 WL 2122802, *2 (D. Kan. Aug. 8, 2005) (dismissing Roy Triplett's case because the district court could not "divine a viable claim from plaintiff's complaint" where his complaint and "subsequent pleadings consist of little more than unintelligible ramblings" without "any cognizable legal interest"), *aff'd*, No. 05-3354, 2006 WL 182060 (10th Cir. Jan. 26, 2006). In *Triplett*, the district court held "that any attempt to remedy the complaint would be futile." *Id.*

B. Triplett has a Documented History of Filing Frivolous Lawsuits

Triplett has a history of filing complaints in violation of Rule 8(a)(2). In *Triplett v. United States Department of Defense,* the district court dismissed *sua sponte* Triplett's complaint pursuant to Rule 8(a)(2) because it failed "to make a short and plain statement of the claim showing that the plaintiff is entitled to relief." No. Civ. 2:11-cv-02105-SAC-DJW, Doc. # 15, Memorandum and Order, at pg. 1, *aff'd*, No. 11-3169 (10th Cir. Nov. 29, 2011) (stating that "it is plainly evident that the district court did not err by dismissing Triplett's complaint for failure to state a claim upon which relief can be granted, and for failure to make a short and plain statement of the claim showing that the plaintiff is entitled to relief.").

Here, Triplett's pleadings fail to give notice to BNSF of a cognizable legal interest that he seeks. Triplett fails to give BNSF notice of the facts to support the alleged dispute at issue, if

one can be discerned. Because Triplett violates Rule 8(a)(2), his cause of action should be dismissed against BNSF pursuant to Rule 12(b)(6).

## CONCLUSION

WHEREFORE, Defendant BNSF Railway Company prays that the Court enters an Order granting its Motion to Dismiss, and for such other and further relief as the Court deems just and proper.

Dated: October 28, 2013

LATHROP & GAGE LLP

By: /s/ Olawale O. Akinmoladun

Douglas R. Dalgleish MO #35203
Olawale O. Akinmoladun MO #63442
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
Telephone: 816.292.2000
Telecopier: 816.292.2001
ddalgleish@lathropgage.com
wakinmoladun@lathropgage.com

ATTORNEYS FOR DEFENDANT
BNSF RAILWAY COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of October, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to counsel for the parties, and served a copy of the above and foregoing via U.S. Mail, postage prepaid upon the following:

Roy Triplett
3438 Elmwood Avenue
Kansas City, Missouri 64128

**Plaintiff**

/s/ Olawale O. Akinmoladun
An Attorney for Defendant
BNSF Railway Company