# IN THE WESTERN DISTRICT OF MISSOURI
# FOR DISTRICT COURT

)

) Case No.: 13-912-CV-W-DW

**Triplett, PC,**
**Plaintiff**

**Vs.** )

**Office of Department of State,**
**Secretary John Kerry, and et al** )

)

)

)

)

)

)

## MOTION FOR SUMMARY JUDGMENT:

On this date of November 20, 2013, the Plaintiff so moves for an entrance of a summary judgment, in the cause of Triplett, PC v. Office of Department of State, Secretary John Kerry, and et al. The Plaintiff may address to the Western District of Missouri, U.S. District Court, for an affirmation of all procedural rulings that are selected under an examination of the court record, until the date of October 26, 2013, and the controlling standard of Local Rules, 56.1 Summary Judgment Motions, Federal Rules of Civil Procedure, Rule 4, Summons, Proof of Service of Process, Federal Rules of Civil Procedure, Rule 5, Serving and Filing Pleadings and Other Papers, Federal Rules of Civil Procedure, Rule 8, General Rules of Pleading, Federal Rules of Civil Procedure, Rule 15, Amendments, Supplemental Pleadings, Federal Rules of Civil Procedure, Rule 16, Pretrial Orders, Conferences, Federal Rules of Civil Procedure, Rule 26, Duty to Disclose; General Provisions Governing Discovery, Federal Rules of Civil Procedure, Federal Rules of Civil Procedure, Rule 30, Depositions by Oral Examination, Federal Rules of Civil Procedure, Rule 31, Depositions by Written Questions, Federal Rules of Civil Procedure, Rule 55, Default; Default Judgment, and Federal Rules of Civil Procedure, Rule 56, Summary Judgment. Henceforth, the Plaintiff may contend for an adjudication of motions that are now presented for a grounds of summary judgment, on a directive for the accounts of all court docket filing procedures under Federal Rules of Civil Procedure, Rule 5(d)(1) and (d)(4), the authorized standard of completing a notice of federal jurisdiction in averments of a complaint of lawsuit. Hereinafter, the Plaintiff

may acknowledge unto the Western District of Missouri, U.S. District Court, for a duty to render a formal judgment, on the grounds of the following terms of adopted Local Rules, 56.1, Summary Judgment Motions, such as the procedural rule is a presentation of the promulgated rules of this Court: "(a) The suggestions in support of a motion for summary judgment shall begin with a concise statement of uncontroverted material facts. Each fact shall be set forth in a separately numbered paragraph. Each fact shall be supported by reference to where in the record the fact is established. See Rule 56(e)." (Local Rules 56.1, effective October 22, 2012).

The Plaintiff may address to the Western District of Missouri, U.S. District Court, for a dutiful supposition of motions for summary judgment, in classification of Federal Rules of Civil Procedure, Rule 56(e)(1), In General. Henceforth, the Plaintiff may contend for a selected terms of procedural rules and facts, to disclose on the nature of this motion: 1). the apparent declaration of a formal standard of computing time for a notice of default judgments in Rule 56(a)(1), Local Rules, 58.1, Entry of Judgments and Orders, and Local Rules 58.2, Settlement of Judgments and Orders By The Court; (2). the facts of lawsuit, to the most appropriate categorization of evidence under a formal terms of federal statutes, and the custody of documents in the possession of facilities of Named Defendants, such as the determinations of Federal Rules of Civil Procedure, Rule 45, Subpoena should arise a duty for an injunctive procedure of a disclosure unto the demands of Federal Rules of Civil Procedure, Rule 34, Producing Documents, Electronically Stored Information, and Tangible Things, or Entering onto Land, for Inspection and Other Purposes; 3). the apparent burden of showing a responsive pleading

unto this complaint, on the grounds of legal theories, and the defenses of Rule 56(e)(2) unto all conditions of Title 28 U.S.C. Section 1331, Federal Question, Title 28 U.S.C. Section 1343, Elected Franchise and Civil Rights; Title 28 U.S.C. Section 1346, subsection (b)(1), F.T.C.A. (Federal Torts Claim Act); Title 28 U.S.C. Section 1399, Postal Matters; Title 28 U.S.C. Section 2412, Cost and Fees; Title 28 U.S.C. Section 2462 (Act of Feb. 28, 1839, Ch. 36, Section 4, 5 Stat. 322); Title 39 U.S.C. Section 405, Specific Powers; Title 39 U.S.C. Section 409, Suits by and against the U.S. Postal Service, subsection (a)(1)-(h)(1), damages; Title 39 U.S.C. Section 410, Application to other laws; Postal Accountability and Enhancement Act (Pub. L. No. 109-435, 120 Stat. 3228, (2006); Title 5 U.S.C. Section 552 (a)(4) (B) (ii), Civil Remedies for Privacy Act of 1974; Title 2 U.S.C. Section 1202, Appointed Official of U.S. Government; Title 26 U.S.C. Section 3121, subsection (a)(D)(5)(iii), Wages of Appointed Government Officials; Title 18 U.S.C. Section 1028A, Aggravated Identity Theft; Identity Theft and Assumption Deterrence Act, Chapter 47 of Title 18 U.S.C.; Title 18 U.S.C. Section 201, Bribery of Public officials and witnesses; Title 18 U.S.C. Section 1701, Obstruction of Mail, Generally; Title 18 U.S.C. Section 1702, Obstruction of Correspondences; Title 12 U.S.C. Section 1957, Additional Criminal Penalty in Certain Cases; Title 18 U.S.C. Section 2334, subsection (f), Civil Liability; Title 42 U.S.C. Section 1981, subsection (a), F.E.L.A. (Federal Employee's Liability Act); Title 39 U.S.C. Section 604, Seizing and detaining letters; Title 39 U.S.C. Section 1005, Applicability of laws relating to Federal Employees; Title 39 U.S.C. Section 1209, Applicability of Federal labor laws; Title 39 U.S.C. Section 2003, The Postal Service Fund; Title 39 U.S.C. Section 2005,

Obligations; Title 39 U.S.C. Section 2011, Provisions relating to competitive products, subsection (d); Title 39 U.S.C. Section 2601, Collection and adjustments of debts; Title 39 U.S.C. Section 2603, Settlement of claims for damages by the Postal Service; Title 39 U.S.C. Section 3001, Nonmailable matters, Title 39 U.S.C. Section 3004, Delivery of mail to persons not residents of the place of address; Title 39 U.S.C. Section 3007, Detention of mail for temporary periods; 27 Op. Atty. Gen. 49, 1908, Right to use Mails; Title 39 U.S.C. Section 3012, Civil Liability; Title 39 U.S.C. 3202, Penalty Mail,(section (a)(1)(A), (b), (c ); Title 39 U.S.C. Section 3204, Restrictions on use of penalty mail; Title 39 U.S.C. Section 3205, Accounting for penalty covers; Title 39 U.S.C. Section 3206, Reimbursement for penalty mail service; Title 39 U.S.C. Section 3207, subsection(b)(2), Limit of weight of penalty mail; postage on oversight matter; Title 39 U.S.C. Section 3208, Shipment by most economical means; Title 39 U.S.C. Section 3209, Executive departments to supply information; Title 39 U.S.C. Section 3210, Franked mail transmitted by the Vice President, Members of Congress, and Congressional officials; Title 39 U.S.C. Section 3211, Public Records; Title 39 U.S.C. Section 3212, Congressional Record under franks of Members of Congress; Title 39 U.S.C. Section 3216, Reimbursements of franked mailings; Title 39 U.S.C. Section 3401, Mailing privileges of members of Armed Forces of the United States and of friendly foreign nations; Title 42 U.S.C. Section 1983, Election of Civil Rights Lawsuit; Deceit and Fraud Statute, D.C. Code Section 22-3821 (1996); Title 18 U.S.C. Section 1341, Swindle; Title 18 U.S.C. Section 1346, Mail Fraud; Title 18 U.S.C. Section 1030, Fraud and related activity in connection with computers; Title 18 U.S.C. Section 3663, Crimes Victim's

Restitution Act, Title 18 U.S.C. Section 1961, Definitions, Pub. L. 104-294, Title VI, Sections 601(b)(3), (i)(3), 604(b)(6), Oct. 11, 1996, 110 Stat. 3499, 3501, 3506, Title 18 U.S.C. Section 1962, Prohibited activities, Pub. L. 100-690, Title VII, Section 7033, Nov. 18, 1988,102 Stat. 4398, Title 18 U.S.C. Section 1963, Criminal Penalties, Pub. L. 101-647,Title XXXV, Section 3561, Nov. 29, 1990, 104 Stat. 4927, Title 18 U.S.C. Section 1964, Civil remedies, Pub. L. 104-67, Title I, Section 107, Dec. 22, 1995, 109 Stat. 758; Title 18 U.S.C. Section 371, Conspiracy to commit offense or to defraud United States; Title 28 U.S.C. Section 2201, Declaratory Judgment Act, and injunction unto use of penalty mail on Congressional Records under Title 39 U.S.C. Section 3202, subsection (a)(1)(A), (a)(1)(E), (a)(3), subsection (b), and subsection (c ), and Title 39 U.S.C Section 3007(a), Preliminary Injunction; right to a Jury trial under the stipulations of Federal Rules of Civil Procedure, Rule 39(b)(1), When Demand Is Made; and Local Rule 38.1, Demand for Jury Trial; 4). the apparent declaration of a right to the procedural rules of Federal Rules of Civil Procedure, Rule 39 (c ), Advisory Jury; Jury Trial by Consent and Local Rules, 38.1, Demand For Jury Trial; 5). the apparent computation of time for an order of default judgment on the grounds of Local Rules 6.1, Computational Time, and Federal Rules of Civil Procedure, Rule 55(b)(2), By the Court; 6). the directive of motion for an amended pleadings of damages and legal theories under the stipulations of Federal Rules of Civil Procedure, Rule 15(d), Supplemental Pleadings; and 7). the court docket filing of depositions for a public inspection under the procedural rulings of Local Rule 30.1(a), Depositions, and the apparent notice of subpoena for witnesses, according to the promulgated terms of Federal Rules of Civil Procedure, Rule 30, subsection (6 ), Notice

or Subpoena to an Organization.

The Plaintiff may address to the Western District of Missouri, U.S. District Court, for an adherence unto all stated terms of motions under Local Rules 56.1, Summary Judgment Motions, should now be provisioned in an offset paragraph standard so that all compilations of testimony can be categorized unto priority of procedural due process. Henceforth, the Plaintiff may contend for all motions of summary judgment in a compelling forum of averments.

Paragraph 1. Summary judgment in Federal Rules of Civil Procedure, Rule 56(a)(2), By a Claiming Party: The Plaintiff may address to the Western District of Missouri, U.S. District Court, for an affirmation of procedural terms of Federal Rules of Civil Procedure, Rule 56(a)(2), to be adhered unto for all classified periods of notices and the 20-day filing deadline on a responsive plead. Henceforth, the Plaintiff may advise to the Western District of Missouri, U.S. District Court, to adjourn on any discretion that must be shown of this Court for a directive in enforcing Local Rules 56.1, Summary Judgment Motions, and the specific topic of Federal Rules of Civil Procedure, Rule 56(c), Serving the Motion; Proceedings, Local Rules 58.1, Entry of Judgments And Orders, and Local Rules, 58.2, Settlement of Judgments and Orders By The Court. Henceforth, the Plaintiff may address to the Western District of Missouri, U.S. District Court, for the adjudication of a formal terms of Local Rules 58.1, Entry of Judgments and Orders, such as the following presentation of denoted procedural standards would be entered unto the court docket: (a) In all cases the notation of judgments and orders in the civil docket by the Clerk will be made at the earliest practicable time. The notation of judgments will not

be delayed pending taxation of costs but a blank space may be left in the form of judgment for insertion of cost by the Clerk after they have been taxed, or there may be inserted in the judgment a clause reserving jurisdiction to tax and apportion the costs by subsequent order. (b) No judgment or order, except those which the Clerk is authorized by the Federal Rules of Civil Procedure to enter without direction of the Court, will be noted in the civil docket until the Clerk has received from the Court a specific direction to enter it. Unless the Court's direction is given to the Clerk in open court and noted in the minutes, it should be evidenced by the signature of the judge on the form of judgment or order. (c) Every order and judgment shall be filed in the Clerk's office. Hereinafter, the Plaintiff may address to the Western District of Missouri, U.S. District Court, for the designated terms of Local Rule 58.2, Settlement of Judgments and Orders By the Court, to be in effect of the following presentation of procedural standards for awarding a party from decision of the Western district of Missouri: (a) Within 7 days after the announcement of the decision of the Court awarding any judgment or order which requires and approval as to form by the judge, the prevailing party shall, if so directed by the Court, prepare a draft of the order or judgment embodying the Court's decision and serve a copy thereof upon each party who has appeared in the action and mail or deliver a copy to the Clerk. Any party thus receiving the proposed draft of judgment or order shall within 7 days thereafter serve upon the prevailing party and mail or deliver to the Clerk a statement of said party's approval or disapproval as to the form of the draft and, in the latter instance, a statement of said party's objections and the reasons therefore and a draft of the order or judgment which said party proposes as a substitute for the transmitted

draft. At the expiration of 14 days after the announcement of the decision, the Clerk will submit to the judge for such further proceedings as are necessary in the circumstances all drafts and accompanying papers which the Clerk has received. (b) No judgment need be signed by the judge, but an initialed approval on the draft or judgment will be sufficient evidence of direction to enter it and authorization to the Clerk to note the judgment forthwith in the civil docket."(Local Rules, 58.2, effective October 22, 2012).

Paragraph 2. Motions of Summary Judgment for Rule 56(d)(1), Establishing Facts, such as the case may denote that an establishment of federal laws in the original pleadings are made sufficient to determine upon the action a presumption of burden, in favor of the Plaintiff. Henceforth, the Plaintiff may address to the Western District of Missouri, U.S. District Court, for the adjudication and dispensation of the cause of Triplett, PC v. Office of Department of State, Secretary John Kerry, and et al, such as the following terms of a summary judgment would predict on genuine issues of material facts: (1). Establishing Facts. If summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue. The court should so determine by examining the pleadings and evidence before it and by interrogating the attorneys. It should then issue an order specifying what facts-including items of damages or other relief-are not genuinely at issue. The facts so specified must be treated as establishing in the action."(Amended December 27, 1946, effective December 1, 2007.)

Paragraph 3. Motions For Summary Judgment on the grounds of Federal Rules of Civil Procedure, Rule 56(e)(2), Opposing Party's Obligation to Respond and legal

theories of original plead under the Federal Rules of Civil Procedure, Rule 8(a), General Rule of Pleading, and the apparent conclusions of law that are contestable under Federal Rules of Civil Procedure, Rule 56(d)(2), Establishing Liability. Henceforth, the Plaintiff may address to the Western District of Missouri, U.S. District Court, for the adjudication on a preponderance of material facts and the genuineness of issues that are not contested by the named defendants, with a sufficiency to answer with a responsive pleading, or the assessable terms of a selection to enter a judgment through a directive of "no contest" to the drawn suppositions of original pleads, such as the promulgated rules of an interlocutory summary judgment should be disclosed in a procedural due process of the following standard of Rule 56(d)(2)" Establishing Liability. An interlocutory summary judgment may be rendered on liability alone, even if there is a genuine issue on the amount of damage."(Amended December 27, 1946, effective March 19, 1948; January 21, 1963, effective July 1, 1963; March 2, 1987, effective August 1, 1987; April 30, 2007, effective December 1, 2007.) The Plaintiff may address to the Western District of Missouri, U.S. District Court, for the entrance of a summary judgment on all conditions of Rule 56(d)(2), and the constructed terms of Local Rules 58.1, Entry of Judgments and Orders, Local Rules 58.2, Settlement of Judgments and Orders By The Court, Title 28 U.S.C. Section 2201, Creation of remedy, Title 18 U.S.C. Section 1963, subsection (g)(1), RICO forfeiture provision, subsection (I)(1), subsection (j), subsection (k), subsection (l)(1)-(l)(3), subsection (m)(2), and subsection (m)(5), Title 18 U.S.C. Section 1964, Civil remedies, section(a), section (c ) Treble damages, and section (d), Final Judgment. Therefore, the Plaintiff may address to the Western District of Missouri, U.S.

District Court, for the demand of enforcing a controlling standard of statutory provisions of federal law that are extended to the limits of power in the federal court jurisdiction, such as the designated terms of Title 18 U.S.C. Section 1963, RICO forfeiture provisions, and Title 18 U.S.C. section 1964, Civil Remedies are to compel an order of Local Rules, 58.1, Entry of Judgments and Orders; the apparent authority of Title 18 U.S.C. Section 1964, subsection (d) is most compelling unto the distinguished requests of an equitable relief, on all accords of determining a forfeiture of property rights of the named Defendants of Mr. Gary and Anita Robb, 5500 Ward Parkway Avenue, Kansas City, MO 64133, to the prevailing value of housing structure of the identified address of real estate. (See Attached Exhibits of Deed and Appraisal). Consequently, the Plaintiff may now entrance the directives of a summary judgment on the formal grounds of Rule 56(d)(2), Establishing Liability, Title 28 U.S.C. Section 2201, Declaratory Judgment Act, Title 18 U.S.C. Section 1963, RICO forfeiture provisions, Local Rules 58.1, Entry of Judgments and Orders, and the following presentation of Title 18 U.S.C. Section 1964, Civil Remedies, section (d):"A final judgment or decree rendered in favor of the United States in any criminal proceeding brought by the United States under this chapter shall estop the defendant from denying the essential allegations of the criminal offense in any subsequent civil proceeding brought by the United States."(Added Pub. L. 91-452, Title IX, Section 901(a) Oct. 15, 1970, 84 Stat. 943, and amended Pub. L. 98-620, Title IV, Section 402(24)(A), Nov. 8, 1984, 98 Stat. 3359; Pub. L. 104-67, Title I, Section 107, Dec. 22, 1995, 109 Stat. 758.)

Paragraph 4. The motions for a demand of jury trial under Local Rule, 38.1,

Demand For Jury Trial, and Federal Rules of Civil Procedure, Rule 39(c), Advisory Jury, Jury By Consent and Local Rules 38.1, Demand for Jury Trial. (Local Rules 38.1, effective October 22, 2012).

Paragraph 5. Motions for a Summary Judgment on the grounds of Local Rule 6.1, Computation of Time, and the judicial rulings of a default judgment under Federal rules of Civil Procedure, Rule 55(b) (2), By the Court. The Plaintiff may address to the Western District of Missouri, U.S. District Court, for an affirmation of motions for a summary judgment, a grounds of timeliness of a Defendant, to offer a responsive pleadings under a directive of Federal Rules of Civil Procedure, Rule 8(b), Respondent Pleadings; the classifications of procedural due process that are supposed unto a notice of power in the jurisdiction of federal district courts, and the following presentation of Federal Rules of Civil Procedure, Rule 55(b)(2), By the Court, such as the procedure may be declared: "In all other cases, the party must apply to the court for a default judgment . A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals-preserving any federal statutory right to a jury trial-when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C ) establish truth of any allegation by evidence; or (D) investigate any other matter."(Amended March 2, 1987,

effective August 1, 1987; April 30, 2007, effective December 1, 2007.)

Paragraph 6. The motions for a summary judgment are to support of Federal Rules of Civil Procedure, Rule 56(c), Serving the Motion; Proceedings, and the Amendment of Pleadings under Federal Rules of Civil Procedure, Rule 15(d), Supplemental Pleadings, for a notice to the jurisdiction of the Western District of Missouri, U.S. District Court, for the issues of a legal theory, and the causation of damages. Hereinafter, the Plaintiff may address to the Western District of Missouri, U.S. District court, for an affirmation of all motions to an amended pleadings of Triplett, PC v. Office of the Department of State, Secretary John Kerry, and et al, under the guidelines of Federal Rules of Civil Procedure, Rule 15(d), Supplemental Pleadings, such as it may be stated: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleadings setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in starting a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time." (Amended January 21, 1963, effective July 1, 1963; effective December 1, 1991; amended by Pub. L. 102-198, Section 11, December 1, 1993; April 30, 2007, effective December 1, 2007.)

Paragraph. 7. Summary Judgment Motions on the ground of Federal Rules of Civil Procedure, Rule 56(c), Serving the Motion; Proceedings, for the court docket filing of depositions under a public inspection of Local Rules, 30.1(a), and the service of notice of subpoenas unto all named defendants, through the promulgated rules of Federal Rules of Civil Procedure, Rule 30, subsection (6), Notice or Subpoena Directed to an

Organization. Hereinafter, the Plaintiff may address to the Western District of Missouri, U.S. District Court, for an adjudication of all motions for a summary judgment that would determine a court docket filing procedure of notice, in the jurisdictional powers of a federal court, were extended unto a compelling time of procedural due process. Therefore, the Plaintiff may address to the Western District of Missouri, U.S. District, for the adjudication of judicial rulings on account of a default judgment through all of the completed filing procedures of depositions, subpoenas, interrogatories, and admissibility of evidence that are now rendered unto the demand for the standard of Federal Rules of Civil Procedure, Rule 55(b)(2)(B), and (b)(2)(C ). The Plaintiff may conclude all requests for motions of summary judgment, with a general notice of an observation of court docketing procedures that should verify that an excusable time is to be represented unto the Named Defendants, for a determination of answers in Federal Rules of Civil Procedure, Rule 8(b), Respondent Pleading. Henceforth, the Plaintiff may address to the Western District of Missouri, U.S. District Court, for an enforcement of a provincial terms of Federal Rules of Civil Procedure, Rule 55, section (b)(2)(2)(B), Rule 55, section (b)(2)(C), and Rule 55, section (b)(2)(D). Hereinafter, the Plaintiff may request for an observation of compensatory damages, to assess all terms of the amended pleadings with an average computation of 100% to the following terms of a lump-sum of $500 Gezzallion dollars, and $549 Trillion dollars per hour for 12 years; the punitative damages to performance a concurrent liability of $908 Trillion dollars per hour for 8 years. The Plaintiff may address to the Western District of Missouri, U.S. District Court, for the assessment of all available terms of equitable remedies, to be an authorization to

perform the adjudication of final judgments with the full latitude of a scope of liability that is rendered unto the citations of Title 18 U.S.C. Section 3663, Order of Restitution, Pub. L. 104-294, 110 Stat. 3502, Title 39 U.S.C. Section 2003, The Postal Service Fund, Title 39 U.S.C. Section (h)(1), damages, Title 5 U.S.C. Section 552(a)(4)(B)(ii), Civil Remedies for the Privacy Act of 1974, Title 2 U.S.C. Section 1202, Appointed Official of U.S. Government, Title 26 U.S.C. Section 3121, subsection (a)(D)(5)(ii), Wages of Appointed Government Officials, Title 18 U.S.C. Section 1922, Falsely Withholding Treasury Checks from Government Officials, Title 18 U.S.C. Section 1028A, Aggravated identity Theft; Identity Theft and Assumption Deterrence Act, Chapter 47 of Title 18 U.S.C., Title 18 U.S.C. Section 201, Bribery of Public officials and witnesses, Title 18 U.S.C. Section 1701, Obstruction of Mail, Generally, Title 18 U.S.C. Section 1702, Obstruction of Correspondences, Title 12 U.S.C. Section 1957, additional Criminal Penalty in Certain Cases, Title 18 U.S.C. Section 2334, subsection (f) Civil Liability, Title 42 U.S.C. Section 1981, subsection (a), F.E.L.A. (Federal Employee's Liability Act), Title 39 U.S.C. Section 3204, Restrictions on use of penalty mail, Title 39 U.S.C. Section 3210, Franked mail transmitted by the Vice President, Members of Congress, and Congressional officials, Title 39 U.S.C. Section 3211, Public Records, Title 39 U.S.C. Section 3212, Congressional Record under franks of Members of Congress, Title 39 U.S.C. Section 3216, Reimbursements of franked mailings, Title 42 U.S.C. Section 1983, Election of Civil Rights Lawsuit, Deceit and Fraud Statutes of D.C. Code Section 22-3821 (1996), Title 18 U.S.C. Section 1030, Fraud and related activity in connection with computers, Title 18 U.S.C. Section 1961, Definitions, subsection (1)(A), subsection

(1)(B); (Section 201, relating to bribery), section 664 (relating to embezzlement from pension and welfare funds), section 1028 (relating to fraud and related activity in connection with identification documents), section 1029 (relating to fraud and related activity in connection with access devices), section 1341 (relating to mail fraud), section 1343 (relating to wire fraud), section 1344, (relating to financial institutional fraud), section 1425 (relating to the procurement of citizenship or nationalization unlawfully), section 1503 (relating to obstruction of justice), section 1543 (relating to forgery or false use of passport), section 1951 (relating to commerce, robbery, or extortion), section 1952 (relating to racketeering), section 1956 (relating to laundering of monetary instruments), section 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity), subsection (1)(C), subsection (1)(D), subsection (1)(E), and Sections (2)-(10), Pub. L. 104-294, Title VI, Sections 601(b)(3), (i)(3), 604(b)(6), Oct. 11, 1996, 110 Stat. 3499, 3501, 3506, Title 18 U.S.C. Section 1962, Prohibited Activities, subsection (b), and (d), Pub.L.100-690, Title VII, Section 7033, Nov. 18, 1988, 102 Stat. 4398, Title 18 U.S.C. Section 1963, Criminal Penalties, Pub. L. 101-647, Title XXXV, Section 3561, Nov. 29,1990,104 Stat. 4927,Title 18 U.S.C. Section 1964, Civil Remedies, Pub. L. 104-67, Title I, Section 107, Dec. 22, 1995, 109 Stat. 758, Title 18 U.S.C. Section 371, Conspiracy to commit offense or to defraud United States, Title 28 U.S.C. Section 2201 Declaratory Judgment Act, and the compelling terms of a court ordered injunction unto the illegal use of penalty mail under the appointed references of Named Defendants, for the disclosure of Congressional Records in Title 39 U.S.C. Section 3202, subsection (a)(1)(A), subsection (a)(1)((E), (a)(3), subsection (b), and

subsection (c ), and Title 39 U.S.C. Section 3007(a), Preliminary Injunction. The Plaintiff may also direct the Western District of Missouri, U.S. District Court to enclose any identified terms of criminal penalties and fines through the exact proposal of civil liability that were formally stated within this lawsuit.

Sincerely,

Roy Triplett, PL

Roy Triplett

3438 Elmwood Avenue

Kansas City, MO 64128

Office of the Department of State,

Secretary, John Kerry

2201 C. Street, NW

Washington, DC 20520