**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| ROY TRIPLETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-CV-00912-W-DW |
| | ) | |
| OFFICE OF UNITED STATES DEPARTMENT OF STATE, SECRETARY JOHN KERRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

In this case, the pro se Plaintiff Roy Triplett (the "Plaintiff") filed suit against numerous defendants, including former President of the United States William Jefferson Clinton, former Vice-President Albert Gore, Jr., current Secretary of State John Kerry, Black Entertainment Television, Inc., and Burlington Northern & Santa Fe Railway Company. In an Order dated October 16, 2013, the Court found that the:

> Plaintiff's allegations are unclear, unintelligible, and fail to adequately state any claim upon which relief may be granted. Although the Plaintiff is proceeding pro se, that does not excuse him from adequately stating a claim or from complying with all applicable Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(b)(6); Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984) (stating that "pro se litigants are not excused from failing to comply with substantive and procedural law").

Instead of dismissing this case, the Court directed the Plaintiff to file an amended complaint within twenty-one days that complied with the Federal Rules of Civil Procedure. The Order stated that "[i]f the Plaintiff fails to timely file an amended complaint, or if the Court finds that it does not adequately state a claim or is otherwise deficient, this case will be dismissed."

Following that Order, the Plaintiff has filed various documents and motions, including an "Amended Plead" (Doc. 30), a second "Amended Plead" (Doc. 33), a "Motion to Amend Plead

(Doc. 46), and three motions for summary judgment (Docs. 36, 42, 47). Among other confusing and unclear allegations, these documents once again claim that the defendants "were engaged in an illegal penalty mailing for the acceptance of campaign funds to re-elections," and "that the confiscation of the official letters, from the premises of Center Senior High School, and the archive of counselor files of Mr. Gene Propp would be necessary to account for a committed source of liability that is most certain unto this case of penalty mail and obstructions of correspondences." See Doc. 30, p. 2-3.

As with the Plaintiff's original complaint, these documents are unclear, unintelligible, and fail to adequately state any claim upon which relief may be granted. The Plaintiff's purported claims are frivolous, as are the Plaintiff's alleged damages: "compensatory damages in the amount of a lump-sum of $500 Gezzallion Dollars and $549 Trillion dollars/per hour for over 12 years," and "a punitative [sic] damages award of $908 Trillion dollars/per hour for 7 years." Doc. 33, p. 17. Consequently, this case is dismissed for failure to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6).[1] It is hereby

ORDERED that this case is DISMISSED for failure to state a claim upon which relief may be granted. The Clerk of Court is directed to terminate all pending motions, and to then mark this case as closed. The Clerk of Court is also directed to mail a copy of this Order to the Plaintiff at his last known address via certified mail, return receipt requested.

IT IS SO ORDERED.

Date: November 21, 2013

/s/ Dean Whipple
Dean Whipple
United States District Judge

[1] "Sua sponte dismissal for failure to state [a] claim can occur after service of process." Singleton v. Wells Fargo Home Mortg., 2012 WL 1657345, at * 4 (W.D. Mo. May 9, 2012) (citing Phelps v. U.S. Bureau of Prisons, 62 F.3d 1020, 1022 (8th Cir. 1995)). Here, the Plaintiff filed proofs of service and one Defendant filed a motion to dismiss for failure to state a claim. See Docs. 37, 51. Under the facts and circumstances of this case, there is no reason to delay dismissal until all Defendants—including a former United States President—have been served.